STANDARD COMMERCIAL TOBACCO COMPANY, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 232. Argued April 3, 1950.—Decided July 24, 1950.

E. T. Fiddler, José G. González and Tomás I. Nido, for petitioner. Vicente Géigel Polanco, Attorney General, and J. B. Fernández Badillo, Assistant Attorney General, for intervener, respondent in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The Tax Court of Puerto Rico rendered a decision dismissing, upon motion of the Treasurer of Puerto Rico, a complaint filed by the Standard Commercial Tobacco Com-

pany, Inc., for the refund of certain excise taxes, on the ground that pursuant to § 4 of Act No. 169 of May 15, 1943, as amended by Act No. 137 of May 9, 1945,[1] it lacked jurisdiction to take cognizance of the action. We granted certiorari herein in order to review said decision.

The facts set forth in the complaint by the petitioner are the same facts it had already set forth in a petition for mandamus which failed because it had been untimely filed. See *Standard Comm. Tob. Co.* v. *Tax Court*, 68 P.R.R. 829. In brief, the complaint alleged that on September 1, 1943 Axton Fisher Tobacco Co., Inc. bought in the office of the Tax Collector of San Juan 250,000 excise tax stamps valued at 13 cents a piece, for $32,500; that Axton Fisher affixed these stamps to 250,000 packages of cigarettes which it had received from the United States; that after these stamps were affixed, when examining the cigarettes in order to sell them in the local market, it discovered that the cigarettes had been completely spoiled and rendered useless for sale and consumption purposes due to the action of the sea while in transit between the United States and Puerto Rico; that on May 13, 1944 [eight months after affixing the stamps and discovering that the cigarettes were spoiled and useless] Axton Fisher Tobacco Co., Inc. *"the entity which suffered the burden of paying the tax in question,"* sold, assigned, and conveyed to the petitioner Standard Commercial Tobacco Co., Inc.," any title or interest in said cigarettes and *in the stamps affixed thereto";* that by virtue of said assignment the petitioner is the owner of the cigarettes and stamps

---

[1] The second paragraph of this Section, which is the pertinent paragraph in the case at bar, provides:

"When the case concerns a demand for payment made by the Treasurer by virtue of any excise or license tax levied by the Internal Revenue Laws of Puerto Rico or by the Beverages Act of Puerto Rico or by any other Act levying excises or license taxes, *appeal may be taken to. said court* [the Tax Court] *only by the person or entity which may have in fact suffered the burden of paying the excise* or tax, and an allegation in this sense and the evidence thereof at the proper time shall be considered as jurisdiction requirements." (Italics ours.)

affixed thereto; that before reaching Puerto Rico the cigarettes had become useless, wherefore they could not then nor now be put in the market of Puerto Rico for sale, use, or human consumption; that on August 26, 1947, the petitioner claimed from the defendant the return of $32,500 plus $1,263.40 as penalties, after the destruction of said cigarettes and stamps, and on September 24, 1947, the defendant denied said petition; that the cigarettes in question were damaged and rendered useless before their introduction or importation into Puerto Rico from the United States, and at their arrival to Puerto Rico they were no longer identifiable as taxable merchandise, since said cigarettes had lost their characteristic as such and became merchandise without any economic value; that these cigarettes were not nor could they have been marketable in this Island and, therefore, were never legally subject to the payment of excise taxes pursuant to the law.

The Treasurer presented a motion to dismiss the complaint alleging that the Tax Court lacked jurisdiction "because the complaint did not allege that the plaintiff had suffered the burden of paying the tax in issue" as required by § 4 of the Act, *supra*.

The petitioner argues that the principal question to be decided here is whether pursuant to § 4 of the Act only the person or entity who in fact improperly paid certain taxes to the Treasurer of Puerto Rico can judicially claim refund thereof, although they were subsequently returned to him by a third person,[2] or whether, on the contrary, said third person, should he *prove* that he suffered the burden of the payment, would also be entitled to make such claim. The petitioner further contends that if this question is decided against it, it should then be decided whether, since the Act in force in May 1944, the date of the conveyance to the peti-

---

[2] It should be noted that nowhere in the complaint filed in the Tax Court did the petitioner allege that it had paid to Axton Fisher Tobacco Co., Inc., $32,500 or any other amount for the cigarettes and stamps.

tioner, does not require that the judicial claim should be made by the person or entity who made the payment, nor that it should prove that it did suffer the burden of the payment, the 1945 amendment introducing these requirements can deprive the petitioner of its remedy to recover said taxes.

■ Petitioner's second contention is untenable. The fact that on May 13, 1944, on which date petitioner alleges that it acquired the cigarettes, the Act creating the Tax Court did not contain the limitation to claims for refunds which was added by Act No. 137 of 1945, does not imply that petitioner has been deprived of any vested right, since it is a well-settled legal principle that the sovereign may impose, at any time, the conditions it deems convenient in consenting to be sued. It may also withdraw or limit conditions already granted, and this latter, even though it might affect an action already instituted, decided by the lower court and on appeal. *Mayagüez Light, P. & Ice Co.* v. *Tax Court*, 68 P.R.R. 482, and cases therein cited, especially *Stone* v. *McKay Plumbing Co.*, 26 So. 2d 349 (Miss., 1946).

■ The alleged date of the transaction between Axton Fisher Tobacco Co., Inc. and the petitioner in May 1944 is not the pertinent date herein, but rather October 1, 1947, on which date the petitioner filed its complaint in the Tax Court while Act No. 137 of 1945 which amended § 4, *supra*, was already in force. In order to be able to exercise its action the petitioner had to comply with all the requirements prescribed by the sovereign on the date it commenced suit. This leads us to consider the first point raised by the petitioner.

■ When § 4 of Act No. 169 of 1943 was amended by Act No. 137 of 1945, *supra*, a jurisdictional requirement was established before resort could be had to the Tax Court in cases where the Treasurer of Puerto Rico refuses to return any excise or license tax, to the effect that the person or entity allegedly prejudiced allege that it has "suffered the burden of paying the excise or tax," such allegation to be

proved "at the proper time." Petitioner maintains in the case at bar that this legal provision does not mean what its text says but that we should construe it in the sense that the use of the words "person or entity" and not "taxpayer," indicates that the legislative intent was to grant the right to claim the refund to any person or entity who has "carried" the burden of the tax although it did not in fact pay same to the Treasurer. We can not agree. The words used in § 4 are clear and indicate that the legislative intent was to confine the consent it was granting to sue the sovereign to those persons or entities which, in excise tax cases, have suffered the burden of paying them. It was Axton Fisher Tobacco Co., Inc. who suffered said burden in this case when it bought the stamps on September 1, 1943 and not the petitioner when it acquired them from the former on May 13, 1944. The person or entity referred to in the Act is none other than the taxpayer who, at the time of the taxable event, suffered the burden of paying the excise. Another construction might entitle persons or entities to whom the taxpayer has conveyed the economic impact of the excise without suffering any loss therefrom, to pray for the return and subsequently, upon the denial thereof, to sue the sovereign. This was precisely what the Legislature attempted to prevent.

Since the petitioner alleged in its complaint that the Axton Fisher Tobacco Co., Inc. was the entity which suffered the burden of paying the tax, the lower court did not err in refusing jurisdiction herein.

The decision of the Tax Court will be affirmed.